POMPILJ v. MANHATTAN DELIVERY CO.

(Supreme Court, Appellate Term. June 22, 1903.)

1. CARRIERS—LIMITATION OF LIABILITY—RECEIPT—CONTRACTS.
Where plaintiff directed a delivery company to transport his baggage from a certain place, and paid the charges, a receipt given by an employé of the company when he subsequently called for the baggage to a person who pointed it out to him did not constitute the contract, so as to limit the company's liability for the loss of the baggage to the amount stipulated therein.

Appeal from City Court of New York.

Action by Eugenio Pompilj against the Manhattan Delivery Company. From a judgment for plaintiff and an order denying its motion for a new trial, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Guthrie, Cravath & Henderson, for appellant.
R. Maggio, for respondent.

FREEDMAN, P. J. In this case the provision of the receipt limiting defendant's liability, and the receipt itself, constitute no contract between the parties, within the rule laid down and enforced in Bernstein v. Weir (decided by the April term of this court) 83 N. Y. Supp. 48. The plaintiff called at defendant's office, and ordered to have his baggage, consisting of a valise, transported from No. 11 Oliver street to No. 181 Second avenue, in the city of New York, for which service the defendant requested him to pay, and he did pay, at that time and place, 35 or 40 cents. No question was asked, nor was any receipt or paper of any kind then given to him. Subsequently defendant's ·driver called at the Oliver street house during the absence of the plaintiff therefrom, saw a Mrs. Reagan, and asked her for plaintiff's valise. She pointed it out to him, with the remark, "Here it is." No more conversation passed between them, and no question was asked, according to· her testimony, and the

driver simply handed her a receipt. This receipt, it now appears, contained a limitation of the liability of the defendant to the sum of $50 in case of loss, at which the property to be forwarded was valued. Mrs. Reagan could neither read nor write, and, according to the finding of the jury, to whom this question was submitted as one of fact, her attention was not called to this clause, and she did not know the contents of the receipt. Upon this state of facts it is idle to contend that the previous oral contract, made and paid for at defendant's office, became merged into the so-called "contract" contained in the receipt. The case discloses no reversible error, and the defendant admitted that the valise and its contents were never delivered to the plaintiff, and that they were stolen from its wagon. No reason appears why the defendant should be relieved from making compensation as found by the jury. Indeed, the verdict only allowed a part of plaintiff's claim.

The judgment and order should be affirmed, with costs. All concur.